## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Mushaune X. Stevenson, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14cv494 (TSE/IDD) |
| | ) | |
| Warden Carl Manis, | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION

Mushaune X. Stevenson, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of drug offenses entered on a plea of guilty in the Circuit Court for the City of Richmond.  On June 5, 2014, respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits.  Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K, and after receiving an extension of time petitioner submitted a Rebuttal to Motion to Dismiss on July 15, 2014. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed with prejudice.

### I. Background

At a hearing on February 22, 2011, petitioner entered a negotiated plea of guilty to one count of distribution of cocaine and two counts of possession of heroin with intent to distribute. Four additional drug charges were *nolle prosequi*, T. 2/22/11 at 13, and it also was agreed that petitioner would not be prosecuted for an outstanding probation violation. Id. at 14.  Petitioner

1

received an aggregate sentence of thirty (30) years in prison with twenty-one (21) years suspended. Id. at 11-12. Final judgment was entered on May 26, 2011.

On February 22, 2011, the same day he entered his guilty plea, petitioner filed a motion to modify his sentence pursuant to Va. Code § 19.2-303, as well as a motion to stay his transportation to the Virginia Department of Corrections ("VDOC"). Pursuant to § 19.2-303, a Virginia trial court retains jurisdiction in a felony criminal case so long as the defendant has not been transported to VDOC. See Neely v. Commonwealth, 44 Va. App. 239, 243-44, 604 S.E.2d 733, 735 (2004), aff'd, 271 Va. 1, 624 S.E.2d 657 (2006). The motion was denied on February 22, 2011. Petitioner filed additional motions to modify his sentence pursuant to § 19.2-303 and to stay his transportation to VDOC on September 12, October 22, October 27, and December 31, 2011, all of which were denied in an order entered January 24, 2012.

On June 26, 2012, petitioner filed a petition for a state writ of habeas corpus in the Supreme Court of Virginia,[1] raising the following claims:

| | |
|---|---|
| (a), (h) | He was denied effective assistance of counsel because counsel coerced him to accept the plea agreement by advising him that the agreement for a nine-year sentence was the best he could negotiate and that petitioner's failure to accept would result in his prosecution by federal authorities. |
| (b), (c), (d) | He was denied effective assistance of counsel because counsel failed to file a suppression motion to challenge the reliability and veracity of the confidential informant. |
| (e), (f), (g) | He was denied effective assistance of counsel because counsel did not think he would prevail at trial, even |

_____

[1]Because plaintiff is incarcerated, the filing date of his motion is deemed to be the date he delivered it to prison authorities for mailing. Houston v. Lack, 487 U.S. 266 (1988).

> though the video recordings of the transactions did not
> clearly show petitioner selling drugs and the police
> found no drugs or money when they arrested him.

The Virginia Supreme Court found no merit to any of these arguments and dismissed the petition

on January 15, 2013. Stevenson v. Warden, Green Rock Corr. Center, R. No. 121167 (Va. Jan.

15, 2013).

Petitioner then turned to the federal forum and filed this application for relief pursuant to

28 U.S.C. § 2254 in the District Court for the Western District of Virginia on April 16, 2013.

See Pet. at 10. An order directing that the action be transferred to the Eastern District of

Virginia, the jurisdiction where the conviction was entered, was signed on July 1, 2013, but for

reasons which are not apparent, the case was not actually transferred until May 5, 2014. Dkt. 3-

4. As noted above, respondent has filed a Rule 5 Answer and a Motion to Dismiss the petition,

and petitioner has filed a reply. Accordingly, this matter is now ripe for disposition. For the

reasons which follow, respondent's Motion to Dismiss must be granted, and the petition must be

dismissed with prejudice.

## II. Timeliness

A petition for a writ of habeas corpus must be dismissed if filed later than one year after

(1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed;

(3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the

factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. §

2244(d)(1)(A)-(D). Here, petitioner was convicted on May 26, 2011. Since he took no direct

appeal, the conviction became final on June 27, 2011,[2] and the limitations clock began to run.

The AEDPA's one-year one-year statute of limitations is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." See 28 U.S.C. § 2244(d)(2). In Wall v. Kholi, __ U.S. __, 131 S.Ct. 1278 (2011), the Supreme Court held "that the phrase 'collateral review' in § 2244(d)(2) means judicial review of a judgment in a proceeding that is not part of the direct review," id. at 1282, and determined that a motion to reduce sentence under Rhode Island law was not part of the direct review process and therefore tolled the AEDPA limitations period. Here, as noted above, petitioner filed several motions to modify his sentence commencing on February 22, 2011, which collectively were denied in an order entered on January 24, 2012. Because these motions were not part of the direct review process, they qualified as "application[s] for ... collateral review" under § 2244(d)(2), and acted to toll the AEDPA limitations period. See Mixson v. Warden, 2011 WL 4578346 at *2 N. 3 (W.D.Va. Sept. 30, 2011) (holding that a Virginia inmate's motion to vacate or modify his sentence qualified for statutory tolling); Speller v. Johnson, 2012 WL 1038624 (E.D.Va. Mar, 27, 2012) (same). Here, then, the limitations period was tolled from June 27, 2011 until January 24, 2012.

From January 24, 2012 until June 26, 2012, the date petitioner filed his application for habeas corpus relief in the Supreme Court of Virginia, 152 days passed. From January 5, 2013,

---

[2]Generally, where no direct appeal is taken, a Virginia judgment becomes final thirty days after it is entered. See United States v. Williams, 139 F.3d 896 (table), 1998 WL 120116 at *2 (4th Cir. Mar. 5, 1998) ("Under Virginia law, a conviction is final thirty days after the entry of the judgment of conviction.") Here, because the thirtieth day fell on a Saturday, the notice of appeal would have been timely if filed on the following Monday, June 27, 2011. Va. Code § 1-210 (B).

the date the Supreme Curt of Virginia dismissed the state habeas corpus petition, until April 16,

2013, the date petitioner filed this federal action, an additional 100 days passed. When these

periods are combined they establish that the instant petition was filed within the one-year

AEDPA limitations period, and is timely.

## II. Merits Standard of Review[3]

When a state court has addressed the merits of a claim raised in a federal habeas petition,

a federal court may not grant the petition based on the claim unless the state court's adjudication

is contrary to, or an unreasonable application of, clearly established federal law, or based on an

unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is

"contrary to" or "an unreasonable application of" federal law requires an independent review of

each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court

determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to

that reached by [the United States Supreme] Court on a question of law or if the state court

decides a case differently than [the United States Supreme] Court has on a set of materially

indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should

be granted if the federal court finds that the state court "identifies the correct governing legal

---

[3]As a threshold matter, the respondent argues that petitioner's present claims of ineffective assistance are procedurally defaulted because the Supreme Court of Virginia dismissed the claims pursuant to the rule in Anderson v. Warden, 222 Va. 511, 281 S.E.2d 885 (1981), which held that the entry of a voluntary plea of guilty by a Virginia defendant forfeits all ineffective assistance of counsel claims. Resp. Brief at 7-9. This Court previously has determined that the "the Supreme Court of Virginia's reliance on the Anderson rule to dismiss [petitioner's] ineffective assistance claims does not warrant a finding of procedural default" in a subsequent § 2254 proceeding. See Slavek v. Hinkle, 359 F.Supp.2d 473, 490 (E.D. Va. 2005) (Ellis, J.), appeal dismissed, 169 Fed. App'x 753 (4th Cir. 2006). In the intervening years, respondent's position regarding the preclusive effect of the Anderson rule appears to have gained no traction in federal jurisprudence. Accordingly, for the reasons more fully explicated in Slavek, a finding of procedural default is not warranted here.

principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### III. Analysis

Petitioner makes the following claims in this federal petition:[4]

1. He was denied his Sixth Amendment right to effective assistance of counsel and his Fifth and Fourteenth Amendment rights to due process at his trial. Specifically, petitioner alleges that counsel coerced him into pleading guilty and failed to move to suppress information supplied by a confidential informant. Pet. Memo. at 3-4.

2. He was denied his Sixth Amendment right to effective assistance of counsel and his Fifth and Fourteenth Amendment rights to due process on appeal. Specifically, petitioner alleges that counsel disregarded petitioner's stated desire to pursue a direct appeal. Pet. Memo. at 4-5.

3. Counsel's use of coercion and "scare tactics" amounted to ineffective assistance and rendered petitioner's plea of guilty involuntary. Pet. Memo. at 6-7.

---

[4]Petitioner's claims are expressed in his Legal Memorandum in Support of his Petition for Writ of Habeas Corpus. Dkt. 18. This document was not among the pleadings received by this court when the action was transferred here by the District Court for the Western District of Virginia, and a copy subsequently was supplied by counsel for the respondent.

6

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petitioner "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233.

The Strickland test also "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). With regard to the "prejudice" prong in the context of a guilty plea, a petitioner must show that, "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59; see also

7

Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000). In reviewing a petitioner's claim of ineffective assistance of counsel regarding a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Declarations made "in open court carry a strong presumption of veracity," and "the subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Id. at 74. Thus, absent clear and convincing evidence to the contrary, a defendant is bound by his representations at a plea colloquy concerning the voluntariness of the plea and the adequacy of his representation. Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001).

In his first claim, petitioner argues that his counsel provided ineffective assistance by failing to file a motion to suppress information supplied by a confidential informant and coercing petitioner to plead guilty using "scared tactics [sic]." Pet. Memo. at 2-3. When petitioner raised these same allegations in his state habeas corpus application, the Supreme Court of Virginia rejected them on the following holdings:

> In claims (a) and (h), petitioner alleges he was denied the effective assistance of counsel because counsel coerced him to accept a plea agreement by advising petitioner that an agreement for a nine-year sentence was the best he could negotiate and that, if petitioner did not accept, he would be prosecuted by federal authorities.
>
> The Court rejects claims (a) and (h) because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his guilty plea was voluntary and there is no evidence identified by petitioner that would support the contrary conclusion that the plea was involuntary. Anderson v. Warden, 222 Va. 511, 516, 281 S.E.2d 885, 888 (1981).

8

In claims (b), (c) and (d), petitioner alleges he was denied the effective assistance of counsel because counsel failed to file a suppression motion to challenge the reliability of the confidential informant or to otherwise challenge the informant's veracity. Petitioner contends that, but for counsel's failure, he would not have accepted the Commonwealth's plea offer.

The Court rejects claims (b), (c) and (d) because petitioner failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate and that his guilty plea was voluntary and there is no evidence identified by petitioner that would support the contrary conclusion that the plea was involuntary. Anderson, 222 Va. at 516, 281 S.E.2d at 888.

Stevenson v Warden, supra, slip op. at 1-2.

Review of the record reveals that the state court's foregoing holding represented a reasonable determination of the facts. At the plea colloquy, the following exchange occurred:

THE COURT: Have you had ample opportunity to discuss these matters with your attorneys?

THE DEFENDANT: Yes, sir.

THE COURT: Have you discussed with your attorneys any witnesses that you may have to testify on your behalf were these matters to proceed with the trial?

THE DEFENDANT: Yes, sir.

THE COURT: You understand that his case was scheduled for a trial before the bench today and that you would be giving up your rights to proceed on a trial by entering into this agreement?

THE DEFENDANT: Yes, sir.

THE COURT: Have you discussed with your attorneys your right to plead: Guilty, not guilty, or no contest to these charges?

THE DEFENDANT: Yes, sir.

THE COURT: After having that discussion, did you decide for

yourself that the pleas of guilty would be in your best interest because you, in fact, are guilty?

THE DEFENDANT: Yes, sir.

\* \* \*

THE COURT: Has anyone made any threats or promises to you to enter the plea of guilty to these charges?

THE DEFENDANT: No, sir.

THE COURT: Are you entering your pleas of guilty freely and voluntarily?

THE DEFENDANT: Yes, sir.

Resp. Ex. 2, T. 2/22/11 at 7-8.

As reflected in the foregoing transcript excerpt, petitioner acknowledged that he had ample opportunity to discuss and prepare the case with his attorney, that no one had made any threats or promises to coerce his plea of guilty, and that he was doing so freely and voluntarily because he believed it to be in his best interest. Petitioner has offered no clear and convincing evidence which would call into question these sworn declarations. Cf. Beck, 261 F.3d at 396. Thus, the state court's conclusion that petitioner's statements foreclosed his ability to challenge counsel's performance in collateral proceedings was in accord with applicable federal authority. Blackledge, 431 U.S. at 73-74.  Under these circumstances, the first claim of this petition warrants no federal relief. Williams, 529 U.S. at 412-13.

In his second claim, petitioner argues that he was denied his Sixth Amendment right to effective assistance of counsel and his Fifth and Fourteenth Amendment rights to due process on his appeal. Specifically, he appears to contend that his attorney disregarded his  instruction to file

a notice of appeal, and instead told petitioner that he could not appeal because he pleaded guilty. Pet. Memo. at 5. This claim was not raised in the state forum, a circumstance which generally results in the application of a procedural bar to the federal claim. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990) (claim is unexhausted and no longer capable of exhaustion is defaulted for purposes of federal habeas review). Here, however, the general rule will not be applied, for two reasons. First, as respondent notes, review of the claim arguably may be permitted under Martinez v. Ryan, 566 U.S. __, 132 S.Ct. 1309 (2012). There, the Supreme Court held that where state law provides that a claim of ineffective assistance of trial counsel must be presented in an initial-review collateral proceeding, such claims are not procedurally barred from federal review if there was no counsel or ineffective counsel at the initial-review collateral proceeding. And second, even if Martinez were deemed not to apply here, 28 U.S.C. § 2254(b)(2) now permits a federal court, in its discretion, to deny on the merits a habeas corpus claim despite the applicant's failure to exhaust available remedies in state court. See Swisher v. True, 325 F.3d 225, 232-33 (4th Cir.), cert. denied, 539 U.S. 971 (2003) (affirming district court's discretionary decision to elect to deny habeas corpus relief on the merits pursuant to § 2254(b)(2), although claim was "clearly unexhausted"). Here, then, the Court will not further belabor the issue of exhaustion, and will consider petitioner's second claim on the merits.

At the plea colloquy, the following exchange occurred:

> THE COURT: You've also given up your rights to appeal this case to a higher court or any court in an effort to have this decision modified or reduced?
>
> THE DEFENDANT: Yes, sir.

Resp. Ex. 2, T. 2/22/11 at 8.

In addition, respondent has supplied the affidavit of petitioner's counsel, Charles L. Inch, Esquire, who attests that he "saw no factual circumstances which would have ... raised a legitimate issue for an appeal," and that he has "no recollection, and find[s] no evidence in the file, that Mr. Stevenson requested [him] to Appeal either orally or in writing."  Resp. Ex. 2, ¶¶ 2, 4.  It is also important to recall in this regard that the plea agreement resulted in significant benefits to petitioner which would have been forfeited had petitioner successfully challenged the plea on appeal.  Under all of these circumstances, the record appears to belie petitioner's present contention that directed counsel to file an appeal on his behalf.  Moreover, nothing in the record indicates that petitioner had any realistic chance of being acquitted on appeal, as petitioner acknowledged at the colloquy that he was, in fact, guilty of the charged offenses.  Thus, petitioner has failed to establish "a reasonable probability that, but for counsel's [claimed] deficient failure to consult with him about an appeal, he would have timely appealed," cf. Hooper v. Garraghty, 845 F.2d 471, 484 (4th Cir. 1998), and he is entitled to no relief on his second claim

In his third claim, petitioner reiterates his argument that  he received ineffective assistance of counsel in connection with the plea agreement because counsel used "scare tactics" to coerce him into accepting it by predicting that otherwise he would face federal charges and would receive the maximum sentence based on his criminal history.  These allegations do no more than reiterate the same argument raised in claim one, and must be rejected for the same reasons.  To the extent that petitioner adds the statement that his guilty plea was not entered knowingly and voluntarily, that portion of the claim was never raised in the state forum.  Because petitioner at this juncture is precluded from challenging the voluntariness of the plea before the Supreme Court of Virginia, that issue is deemed simultaneously exhausted and

defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990), cert. denied, 499 U.S. 982 (1991) .

## IV. Evidentiary Hearing Not Warranted

In his Rebuttal to Motion to Dismiss, petitioner requests an evidentiary hearing. However, it has been established by the Supreme Court that review of a habeas corpus claim under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim. Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388 (April 4, 2011). Therefore, petitioner's request for an evidentiary hearing must be denied.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition must be granted, and the petition must be dismissed with prejudice. Petitioner's request for an evidentiary hearing must be denied. An appropriate Order shall issue.

Entered this 27th day of _____ 2015.

Alexandria, Virginia

_____
T. S. Ellis, III
United States District Judge

13